UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHENIQUA T.,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. C22-291-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

      Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ erroneously discounted the opinions of Molly Davenport, ARNP and her testimony, and the Court should reverse and remand the case for further administrative proceedings. The Court agrees.[1] The ALJ's discussion of the medical evidence, as Plaintiff notes, is "cursory at best." Dkt. 10 at 5. The ALJ rejected Ms. Davenport's opinions finding Plaintiff's mental status exams (MSE) show after gaining sobriety, Plaintiff has normal "attention/concentration/memory," no psychosis, and Ms. Davenport's opinions are thus solely based upon Plaintiff's "subjective complaints." Substantial evidence does not support the ALJ's finding.

---

[1] Because the Court agrees with Plaintiff that the ALJ erroneously discounted Ms. Davenport's opinion and Plaintiff's testimony, no reply brief is necessary to resolve the assigned errors.

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

First, the ALJ errs in rejecting a mental health opinion simply because it partially relies on a claimant's reported symptoms. *See Buck v. Berryhill,* 869 F.3d 1010 (9th Cir. 2017). Second, Ms. Davenport neither disbelieved Plaintiff's reports nor relied too heavily upon Plaintiff's statements in forming her opinions. *See Ghanim v. Colvin*, 763 F3d 1154, 1162 (9th Cir. 2015). Rather Ms. Davenport's opinions are based upon her professional judgment and the existence of sufficient information. This much is clear as Ms. Davenport stated, "I did not answer questions I didn't have adequate information for." Tr. 1049. Third, the "normal" MSE findings do not contradict Ms. Davenport's opinion Plaintiff's "anxiety symptoms" overwhelm and overstimulate Plaintiff and in this way "negatively affects her job performance." Tr. 1049. That is, a person's attention, concentration, and memory abilities can be overwhelmed by anxiety.

Fourth, the ALJ's finding Plaintiff can work since she gained sobriety, obscures the medical record showing Plaintiff continues to struggle with significant mental health problems. *See* Reviewing Doctors' summary. Tr. 87-88.

And fifth a "lack of psychosis" is not grounds to reject Ms. Davenport's opinion. Otherwise, every claimant would have to prove active "psychosis" to establish a disabling mental or psychological limitation. The Court accordingly concludes the ALJ erred in rejecting Ms. Davenport's opinions and must reassess the opinion on remand.

The ALJ also rejected Plaintiff's testimony finding after Plaintiff became pregnant, she was sober, and shows no "paranoia, normal attention, concentration and memory. Tr. 21. This is an overly selective view of the record. As noted above, the agency reviewing doctors indicated the medical record showed during the period Plaintiff was "sober," she continued to have significant mental health symptoms. *See* Tr. 87 (5/18/20 "MH conditions worse, Severe anxiety, raging anger, rapid mood fluctuations"; 3/24/20 "Sounded w/ mixed feelings, anxious, sad,

hopeful, excited"; 4/16/20 "Feels like failed as a mom, feels overwhelmed and helpless w/current situation w/ older son and baby became tearful"; 5/6/20 ""depressed, worried, anxious, reality starting to set in"). To be sure, although Plaintiff's medical records show she had good days, the record does not support the ALJ's finding that since she became sober she was essentially or mainly normal. Substantial evidence does not support the ALJ's finding and the ALJ accordingly erred.

      The ALJ also rejected Plaintiff's testimony because she is "raising a special needs child, performs household chores, and has normal concentration/attention/memory and no psychosis. This paints a picture that Plaintiff can independently care for herself and her child. But Plaintiff testified she lives with her adult niece and adult son. They take turns helping Plaintiff at home because Plaintiff can get so overwhelmed that she'll start washing dishes and walk away causing the sink to flood. Tr. 44. Additionally, Plaintiff's mother comes to help. The ALJ's finding Plaintiff can raise a disabled child and take care of her home is not supported by substantial evidence; at least three adults are helping Plaintiff with activities the ALJ indicated Plaintiff can perform independently. The ALJ also erred in rejecting Plaintiff's testimony based upon normal concentration, attention, and memory, no psychosis" and no "psychiatric hospitalizations." The record indicates Plaintiff's mental limitations flow from her anxiety, and not the MSE type findings noted by the ALJ. Also, there is no reasonable basis to conclude a claimant is not disabled simply because the claimant isn't actively psychotic or placed in a psychiatric hospital. Again, otherwise, only claimants who are so out of touch of reality that they are placed in psychiatric hospitals would be deemed disabled.

The Court accordingly finds the ALJ harmfully erred and **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall, reassess the opinions of ARNP Davenport and Plaintiff's testimony; develop the record and redetermine RFC as needed, and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 22nd day of July, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge